UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**IN ADMIRALTY**

_____

GREAT WHITE FLEET LTD.

      Plaintiff,

      Vs                                       Case No: 0:19cv62458

*M/V WARNOW WHALE,* her engines, tackle, etc., *in rem* and PRINCESIA SHIPPING COMPANY LIMITED, *in personam*,

      Defendants.

_____

**VERIFIED ADMIRALTY COMPLAINT FOR ARREST OF VESSEL
AND FOR MARITIME ATTACHMENT AND GARNISHMENT**

      Plaintiff, by and through its attorneys Tomaselli & Co. and Casey & Barnett LLC, hereby brings the following Verified Complaint in Admiralty pursuant to Fed. R. Civ. P. 15(a)(1)(A), and alleges upon information and belief, as follows:

**JURISDICTION**

      1.     This case of Admiralty and Maritime Jurisdiction is within the meaning of 28 United States Code §1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.     Venue is proper in this Court because the Property and the Vessel is or will be within this District during the pendency of this action.

## THE PARTIES

3.  At all times material to this action, plaintiff, Great White Fleet, Ltd. (also referred to as "GWF") was a corporation with an office and place of business located at Claredon House, 2 Church Street, Hamilton, Bermuda, and was the time charterer of the *M/V WARNOW WHALE*, as more fully described below.

4.  At all times material to this action, defendant *M/V WARNOW WHALE* (also referred to as "the Vessel"), was and is an ocean-going container vessel built in 2007, Cyprus flagged, call sign 5BXD3, 166 meters LOA, 15,375 GT, IMO number 9395032, and owned and operated by Princesia Shipping Company Limited, as more specifically described below, and was the vessel that was the subject of a time charter party between Princesia Shipping Company Limited and GWF.

5.  At all material times, defendant Princesia Shipping Company Limited, (also referred to as "Princesia") was and is a corporation with an office and/or place of business located at c/o GB Shipping & Chartering GmbH & Co KG, Am Nesseufer 30, 26789 Leer (Ostfriesland), Germany, was and is the registered owner and/or operator of the *M/V WARNOW WHALE* and entered into a charter party with GWF to time charter the Vessel to GWF.

6.  As set forth in the affidavit of John J. Tomaselli, Esq., submitted herewith, Princesia Shipping Company Limited is not found within this District within the meaning of Supplemental Rule B.

## FACTS

7.  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in

paragraphs 1 through 6, inclusive, as if herein set forth at length.

8.  On May 18, 2018, GWF as charterer, and Princesia, as owner, entered into a charter party (hereinafter "charter" or "contract") for the use of the *M/V WARNOW WHALE* for a period of approximately 19 months commencing on or about May 24, 2018.   This charter was a maritime contract.

9.  The parties' intent was to have the vessel provide a "feeder service" by regularly moving Chiquita bananas in containers between various countries in Central America so that the containers of fruit would be transshipped on larger vessels destined to the United States.

10.  Due to the perishable nature of the fruit the parties understood that time was of the essence and therefore incorporated it into the contract.   The parties understood that it was essential that the vessel with her containers arrive in sufficient time at the transshipment port so that the containers of fresh fruit could be loaded onto vessels with strict schedules destined to markets in the United States.

11,  The charter contract between the parties described the *M/V WARNOW WHALE* as being able to proceed at 19 knots.

12,  Soon after the *M/V WARNOW WHALE* was on charter to GWF, it loaded a complement of containers and GWF requested the master of the vessel to proceed at full speed.

13.  The vessel was unable to proceed at 19 knots.   During the entire period the vessel was on charter to GWF it was unable to perform as warranted.   The vessel was woefully deficient with respect to its speed- traveling at times between 12.5 and 17.5 knots.

14.  As a result, the vessel consistently arrived late and missed transshipment times.

15.  The vessel was not described properly and/or was purposefully mis-described in

the charter in order to have GWF charter the vessel.

16. GWF relied on the description of the vessel and relied that it could perform as warranted and described and on that good faith basis chartered the vessel.

17. As a result of the vessel's lack of performance the vessel was returned to *in personam* defendants and redelivered on or about July 5, 2018.  The vessel was replaced by the *M/V AS FEDERICA*.

18. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be extra fuel consumption of $11,630.56; time lost $56,925; extra port call in Moin, Costa Rica of $8,140; extra survey charges of $1,850, $116,300 for payment of freight to third parties because of the late arrival of the *M/V WARNOW WHALE* in weeks 22-23 and $410,510 in payment of freight to third parties in week 25.

19. GWF paid freight to third parties because the transshipment was missed due to the lack of performance of the *M/V WARNOW WHALE*.  If GWF did not to pay for outside freight its damages would have been greater because fruit would have been lost and damaged.

20. The lack of performance by the vessel was a material breach of the charter and resulted in damages to GWF.

21. As a direct and proximate result of said breach of maritime contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $605,355.56.

22. An arbitration between GWF and Princesia was commenced in New York to resolve the dispute.

23. By reason of the foregoing, plaintiff has sustained losses pursuant to the breach of

the charter party by defendants which qualify as a maritime lien against the Vessel.

## **BREACH OF CONTRACT, ATTACHMENT and ARREST**

24.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 23, inclusive, as if herein set forth at length.

25.     The damages sustained by plaintiff did not result from any act or omission on the part of the plaintiff, or its assured, but, to the contrary, proximately resulted from the *in personam* defendants' acts and/or omissions constituting breach of contract.  In addition, the loss proximately resulted from the unseaworthiness of the *in rem* defendant, *M/V WARNOW WHALE*.

26.     As a result of the foregoing, plaintiff has sustained damages in the amount of $605,355.56, or as near thereto as currently can be determined, plus expenses, no part of which has been paid, although duly demanded.

27.     In accordance with the terms and conditions of the aforementioned charter party referred to therein, Plaintiff imitated an arbitration proceeding against Princesia in New York to obtain an arbitration award for damages sustained herein.

28.     Defendant Princesia Shipping Company Limited cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, the Defendant currently has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court.

29.     Specifically, the *M/V WARNOW WHALE*, an ocean vessel owned by Defendant Princesia is currently within the confines of the District or will be during the pendency of this

action.

30. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching the *M/V WARNOW WHALE* for the purpose of obtaining personal jurisdiction over *in personam* defendant, Princesia Shipping Company Limited, and to secure Plaintiff's claim for breach of contract, in the amount of $605,355.56.

31. Plaintiff also seeks an order from this Court directing that a warrant of arrest be issued as against the *M/V WARNOW WHALE in rem* to obtain security for its maritime lien arising out of the breach of a maritime contract in the amount of $605,355.56.

**WHEREFORE,** Plaintiff prays:

A. That since *in personam* Defendant Princesia Shipping Company Limited cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching the *M/V WARNOW WHALE,* its engines tackle and apparel, for amounts due and owing to the Plaintiff in the amount of $605,355.56 to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

B. That a warrant of arrest in due form of law according to the practice of this

Honorable Court in cases within the admiralty and maritime jurisdiction be issued against the M/V WARNOW WHALE, her engines, boilers, tackle, etc. as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to enforce plaintiff's claims against the *M/V WARNOW WHALE in rem,* and that all person having an interest in and to said vessel be cited to appear and answer under oath all and singular the aforesaid;

  C. That Plaintiff has such other and further relief as the Court may deem just and proper.

TOMASELLI & CO.

By: /s/ John J. Tomaselli
   John J. Tomaselli, Esq.
   Florida Bar: 0872570
   1500 Cordova Road
   Suite 202
   Fort Lauderdale, Florida 33316
   Tel: 954 761 8004
   Email: tcolaw@outlook.com

and

CASEY & BARNETT, LLC

Gregory Barnett, Esq.
305 Broadway, Suite 1202
New York, New York 1007
Tel: 212 286 0225
Email: ggb@caseybarnett.com

Attorneys for Plaintiff Great White Fleet, Ltd.

## VERIFICATION

This 2d day of October 2019 I, John J. Tomaselli, declare under penalty of perjury and pursuant to the laws of the United States that:

1.  I personally prepared the foregoing Verified Complaint and state that the contents thereof are true to the best of my knowledge based upon information and documentation supplied to me by the plaintiff, Great White Fleet Ltd., by and through its New York counsel, Messrs. Casey & Barnett LLC.   No officer of the plaintiff is available to verify this pleading because of the exigencies of obtaining the relief requested given the ship's sailing schedule and the location of all officers of the plaintiff in Germany.

2.  I have been authorized to sign this Verification on behalf of Plaintiff Great White Fleet Ltd. by its counsel, Casey & Barnett.

3.  Pursuant to 28 U.S.C. §1746 I declare that the foregoing is true.

| | |
|---|---|
| State of Florida | s/s John J. Tomaselli |
| County of Broward | John J. Tomaselli |